Oakley J.
This case comes before the Court on separate demurrers to the 2d and 3d pleas, and the special cause of demurrer assigned is, that the pleas amount to the general issue.
The rule on this subject is, that a plea, which amounts to the general issue is bad on special demurrer, [Kennedy v. Strong, 10 J. R. 289 ;] and in the application of this rule, it is held, perhaps with some exceptions, that a special plea amounts to the general issue, when it shows a state of facts, from which it clearly appears, that the plaintiff, at no time, had any cause of action. [Brown v. Cornish, Ld. Raym. 217. Vanhatton v. Morse, Lord Raym. 787.]
The action, in this case, is assumpsit for money had and received, &c. The 2d plea states, that in consideration, that the defendants would deliver to the plaintiffs, on or before the first day of November, a quantify of goods, &c., to be sold by the plaintiffs on commission, they, the plaintiffs, promised to advance to the defendants certain sums of money thereon, to sell the goods, and retain the said advances out of the proceeds, and to pay over the balance; and that the defendants should not be required to repay the advances in any other manner. The plea-, then avers a delivery of the goods to the plaintiffs, and an advance by them to the amount of $2000; and it further avers, that the plaintiffs received the goods, and have not yet sold them.
*204 The 3d plea differs from the second, in stating that the goods were delivered to the .plaintiffs on the day after the advances in money were made to the defendants ; but it is averred, that the goods were accepted under the agreement, and before the commencement of the suit. The plea also avers, that the plaintiffs sold the goods for a larger amount than that advanced, and that they still retain the money.
The facts set forth in these pleas do not necessarily show, that the plaintiffs had not, at any time, a cause of action, arising out of the advances of the money in question; There may have been some breach of the special agreement, or some abandonment of it by the parties, subsequent to the advances, or to the sale of the property by the defendant, from which a right may have accrued to the plaintiffs, to sue for the money advanced, in this action. Such a state of the case may be disclosed in the replication; and it is sufficient to show, that these pleas do not come clearly within the rule above laid down. When a plea is overruled as equivalent to the general issue, it must be very clear that it is so.

Judgment for the defendants on the demurrers.

[Wm. H. Munn, Att’y for the plffs. John Wallis, Att’y for the defts.]